## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

LAURA LOOMER, Individually

          Plaintiff

    v.

                                     **Case Number:**

FACEBOOK, INC.,
1 Hacker Way
Menlo Park, CA, 94025

          Defendant.

## COMPLAINT FOR DEFAMATION

Plaintiff, LAURA LOOMER ("Plaintiff" or "Ms. Loomer") hereby files this action against FACEBOOK, INC. ("Defendant Facebook") for Defamation, Defamation *Per Se* and Defamation by Implication.

## JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 under diversity of citizenship. The parties are citizens of different states and the amount in controversy exceeds $75,000.

2.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## THE PARTIES

3.     Plaintiff Laura Loomer is an individual and a citizen and resident of the state of Florida and lives and does substantial business in this district.

4.     Defendant Facebook is s a corporation incorporated in the state of Delaware. Facebook does substantial business in all 50 states, including Florida and in this district.

## STANDING

5.      Plaintiff Loomer has standing to bring this action because she has been directly affected, victimized and severely damaged by the unlawful conduct complained herein. Her injuries are proximately related to the conduct of Defendant Facebook.

## FACTS

1.      Ms. Loomer is a well-known conservative investigative journalist.

2.      Ms. Loomer is also a conservative Jewish female activist.

3.      In the past, Ms. Loomer has worked for Canadian news publisher, The Rebel Media, as well as Project Veritas.

4.      Ms. Loomer has long maintained a page on Defendant Facebook's platform, where she engaged with fans and promoted her work.

5.      On Friday, May 2, 2019, Ms. Loomer was banned from Defendant Facebook's platform, along with other conservative figures.

6.      In a statement released and published widely to the public in this district, nationally and internationally, Defendant Facebook explained their purported and false justification behind Ms. Loomer's ban:

> We've always banned individuals or organizations that promote or engage in violence and hate, regardless of ideology. The process for evaluating potential violators is extensive and it is what led us to our decision to remove these accounts today.[1]

---

[1] Oliver Darcy, *Louis Farrakhan, Alex Jones and other 'dangerous' voices banned by Facebook and Instagram*, CNN Business, May 3, 2019, available at:
https://amp.cnn.com/cnn/2019/05/02/tech/facebook-ban-louis-farrakhan-infowars-alex-jones-milo-laura-loomer/index.html#referrer=https%3A%2F%2Fwww.google.com&amp_tf=From%20%251%24s.

7.     In issuing the ban against Ms. Loomer, Defendant Facebook and its sister publication Instagram publicly designated her as "dangerous," which publication was widely disseminated in this district, nationally and internationally.

8.     A spokesperson for Defendant Facebook represented  and published that:

> … such factors [for designating an individual as "dangerous"] include whether the person or organization has ever called for violence against individuals based on race, ethnicity, or national origin; whether the person has been identified with a hateful ideology; whether they use hate speech or slurs in their about section on their social media profiles; and whether they have had pages or groups removed from Facebook for violating hate speech rules.[2]

9.     According to Defendant Facebook's own posted Community Standards, "Dangerous Individuals and Organizations" are defined as "organizations or individuals involved in the following: Terrorist activity, Organized hate, Mass or serial murder, Human trafficking, [or] Organized violence or criminal activity."[3]

10.     Ms. Loomer does not fall, or come close to falling, within any of the defined groups set forth by Defendant Facebook.

11.     Ms. Loomer has never once advocated violence against any person or group of persons.

12.     In fact, Ms. Loomer uses social media to call out anti-Semitism, Islamic terrorism, political violence, and violence against homosexuals, as just one example once having tweeted:

> Ilhan is pro Sharia Ilhan is pro- FGM Under Sharia homosexuals are oppressed & killed. Women are abused & forced to wear the hijab. Ilhan is anti Jewish.

13.     Facebook subsequently banned Ms. Loomer for 30 days.

14.     Ms. Loomer's tweet refers to Rep. Ilhan Omar ("Rep. Omar"), who was elected to Congress from Minnesota and took office in January of 2019.

---

[2] *Id*.

[3] https://www.facebook.com/communitystandards/dangerous_individuals_organizations

15.     Indeed, Ms. Loomer's tweet simply contained facts about Sharia law, which Rep. Omar admittedly is known to support.  The tweet pointed out the fact out that Rep. Omar's supports Sharia law and thus this does  not make her an ally for gay people, women, or Jews. Ms. Loomer was also simply pointing out that Rep. Omar is anti-Jewish, a fact that even Nancy Pelosi has agreed with and said publicly.

16.     As a result of this tweet, Twitter has now permanently  banned Ms. Loomer and Facebook and Instagram followed suit by removing Ms. Loomer's Facebook and related Instagram account.

17.     Now, in addition to banning Ms. Loomer from Facebook and its sister social media site Instagram, which it owns, controls and directs, without any just cause, Defendant Facebook has maliciously defamed her by falsely accusing her of "promot[ing] or engag[ing] in violence and hate…."

18.     Defendant Facebook has also maliciously defamed Ms. Loomer by falsely designating her as a "dangerous" individual, which defamation was widely published in this district, nationally and internationally.

19.     Defendant Facebook and its various owned and pliant entities such as Instagram at all times knew that Ms. Loomer had never once promoted or engaged in violence and hate, and that Ms. Loomer was not a "dangerous" individual.

20.     Ms. Loomer is simply a conservative, Jewish woman who has used social media to call out anti-Semitism and violence against homosexuals, while expressing her political views and opinions.

21.     There is nothing dangerous, violent, or remotely illegal and improper about Ms. Loomer's conduct.

22.     Indeed, in Facebook's own Civil Rights Audit,[4] which stated:

Designated Hate Figures Enforcement: In recent months, Facebook has continued to apply its "Dangerous Individuals and Organizations" policy, which bans organizations or individuals from the platform when they meet Facebook's Civil Rights Audit certain hate or violence criteria. Under that policy, individuals or organizations that amplify or traffic in hate are banned from the platform, as was the case with Facebook's recent bans of **Alex Jones, Milo Yiannopolous, Laura Loomer, Minister Louis Farrakhan** and others. For individuals or organizations that go beyond amplifying hate to proclaiming a violent or hateful mission or engaging in acts of hate or violence, Facebook not only bans them from the platform but also prohibits other users from praising or supporting them.

## FIRST CAUSE OF ACTION
### *Defamation*

23.     Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs of the Complaint as if fully set forth herein.

24.     Defendant Facebook published the malicious, false and defamatory statements that Plaintiff Loomer had promoted or engaged in violence and hate.

25.     Defendant Facebook published the malicious, false and defamatory statements that Plaintiff Loomer was a dangerous individual.

26.     This false and misleading statements were published with malice, as Defendant Facebook knew that they were false and misleading, or at a minimum acted and published with a reckless disregard for the truth.

27.     Plaintiff Loomer has been severely harmed and damaged by these and other false and misleading statements by Defendant Facebook, because they subjected her to hatred, distrust, ridicule, contempt, and disgrace, and the threat of severe bodily injury or death by those who are now lead to believe that she is dangerous and a domestic terrorist against Muslims in

---

[4] https://fbnewsroomus.files.wordpress.com/2019/06/civilrightaudit_final.pdf

particular. Muslims and other extremists thus are now prone to retaliate against her and her life is in mortal danger.

28.     Plaintiff Loomer has been severely damaged by these false and misleading statements because they damaged Plaintiff Loomer's reputation and good will and severely harmed  financially  in her profession and business as a conservative investigative journalist, as well as personally.

**SECOND CAUSE OF ACTION**
***Defamation Per Se***

29.     Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs of the Complaint as if fully set forth herein.

30.     Defendant Facebook, as alleged herein, published numerous false, misleading and defamatory statements to severely harm and damage Plaintiff Loomer, which were republished widely elsewhere. Specifically, Defendant Facebook published in this district, nationally and internationally  the falsity that Plaintiff Loomer is a "dangerous" individual that has engaged in hate and/or violence and is a domestic terrorist, which has a criminal felonious meaning.

31.     Under Florida Law, "it is established…that an oral communication is actionable per se - that is, without a showing of special damage - if it imputes to another (a) a criminal offense amounting to a felony, or (b) a presently existing venereal or other loathsome and communicable disease, or (c) conduct, characteristics or a condition incompatible with the proper exercise *of his lawful business*, trade, profession or office, or (d) the other being a woman, acts of unchastity." *Wolfson v. Kirk*, 273 So. 2d 774, 777 (Fla. Dist. Ct. App. 1973)

32.     These false, misleading and defamatory statements were published in this district, domestically and internationally on the internet and elsewhere for the entire world to see and hear. Specifically, Defendant Facebook published false and misleading facts, *inter alia*, that

Plaintiff's conduct, characteristics or a condition is incompatible with the proper exercise of her lawful business, trade, profession or office as a journalist, as well as personally.

33.     These false and misleading statements were published with malice, as Defendant Facebook knew that they were false and misleading, and/or at a minimum acted and published with a reckless disregard for the truth.

34.     These false, misleading, and defamatory statements are defamatory *per se* because these false and misleading statements severely harmed and damaged Plaintiff Loomer in her profession and business as an investigative journalist, as they concern conduct and characteristics incompatible with being an investigative journalist, and personally. Damage is presumed by law when defamation *per se* is shown as alleged herein.

35.     An investigative journalist's reputation is paramount. Falsely labeling Plaintiff Loomer as "dangerous" and falsely accusing her of having engaged in hate and/or violence damages her good will and reputation, making it impossible for her to successfully continue her profession and also harms her personally as alleged herein.

### THIRD CAUSE OF ACTION
#### *Defamation By Implication*

36.     Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs of the Complaint as if fully set forth herein.

37.     Defendant Facebook published numerous false, misleading and defamatory statements about Plaintiff Loomer, as set forth in the preceding paragraphs.

38.     These false, misleading and defamatory statements were published on the internet and published and republished elsewhere in this district, nationally and internationally for the entire world to see and hear.

39.     These false and misleading statements were published with malice, as Defendant

Facebook knew that they were false and misleading, and/or at a minimum acted with a reckless disregard for the truth.

40.     These statements created the false and misleading implication that Plaintiff Loomer has engaged in hate and/or violence as is a "dangerous" individual  and in fact is a domestic Jewish female terrorist.

41.     Plaintiff Loomer has been severely harmed and damaged by these false and misleading statements because they subject her to hatred, distrust, ridicule, contempt, and disgrace, as well as put her life in danger by those who would seek to retaliate against her.

42.     Plaintiff Loomer has been damaged by these false and misleading statements because the statements severely harmed Plaintiff Loomer in her profession and business as an investigative journalist,  as well as personally, as pled herein.

43.     Plaintiff Loomer has requested pursuant to Florida law that these defamatory statements be retracted, an apology made and that she be reinstated on Facebook and Instagram. Defendant Facebook has arrogantly and unlawfully ignored this request and the defamation as pled herein is on-going and compounded each and every day.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Laura Loomer prays for judgment against Defendant Facebook as follows:

a.     Awarding Plaintiff Loomer compensatory including actual, consequential, and incidental damages for malicious defamatory conduct as alleged herein in an amount to be determined at trial and in excess of $35, 000,000 U.S. Dollars.

b.     Awarding punitive damages for Defendant Facebook's malicious defamatory conduct based on the routine and accepted calculation of 5 percent of Facebook's current net worth of

about $63 billion U.S. dollars. Thus, punitive damages are  requested be awarded by the jury in an amount to exceed $ 3 billion U.S. dollars, which amount of punitive damages are designed to sufficiently punish Defendant Facebook in order that its illegal conduct not reoccur.

c.       Awarding Plaintiff Loomer attorney's fees and costs.

d.       Granting any such further relief as the Court deems appropriate including preliminary and permanent injunctive relief.

**PLAINTIFF LOOMER DEMANDS A JURY TRIAL ON ALL COUNTS SO TRIABLE.**


Dated: July 9, 2019                                        Respectfully Submitted,

                                                            *   /s/ Larry Klayman   *
                                                            Larry Klayman, Esq.
                                                            FL Bar No. 246220
                                                            KLAYMAN LAW GROUP, P.A.
                                                            7050 W. Palmetto Park Road
                                                            Boca Raton, Florida 33433-3426
                                                            Telephone:  (561) 558-5536
                                                            Email: leklayman@gmail.com

                                                            Counsel for Plaintiff