1  LARRY ELLIOT KLAYMAN
   KLAYMAN LAW GROUP, P.A.
2  7050 W. Palmetto Park Rd,
3  Boca Raton, FL 33433
   Telephone: (310) 595-0800
4  Email: leklayman@gmail.com

5  Attorney for Plaintiff Laura Loomer

6  THOMAS R. BURKE (CA State Bar No. 141930)
   DAVIS WRIGHT TREMAINE LLP
7  505 Montgomery Street, Suite 800
   San Francisco, CA 94111
8  Telephone: (415) 276-6500
9  Facsimile: (415) 276-6599
   Email: thomasburke@dwt.com
10
11 LAURA HANDMAN (appearing *pro hac vice*)
   ALISON SCHARY (appearing *pro hac vice*)
12 CHELSEA T. KELLY (appearing *pro hac vice*)
   DAVIS WRIGHT TREMAINE LLP
13 1919 Pennsylvania Ave. NW, Suite 800
   Washington, DC 20006
14 Telephone:(202) 973-4200
   Facsimile: (202) 973-4499
15 Email: laurahandman@dwt.com
16        alisonschary@dwt.com
          chelseakelly@dwt.com
17
   AMBIKA KUMAR DORAN (appearing *pro hac vice*)
18 DAVIS WRIGHT TREMAINE LLP
   920 Fifth Ave., Suite 3300
19 Seattle, WA 98104
   Telephone: (206) 757-8030
20 Facsimile: (206) 757-7030
21 Email: ambikadoran@dwt.com

22 Attorneys for Defendant Facebook, Inc.

23              UNITED STATES DISTRICT COURT

24             NORTHERN DISTRICT OF CALIFORNIA

25                    OAKLAND DIVISION

**JOINT INITIAL CASE MANAGEMENT STATEMENT**
Case No. 4:20-cv-03154-HSG

| | |
|---|---|
| LAURA LOOMER,<br><br>        Plaintiff,<br><br>    v.<br><br>FACEBOOK, INC.,<br><br>        Defendant. | Case No. 4:20-cv-03154-HSG<br><br>**JOINT INITIAL CASE MANAGEMENT STATEMENT**<br><br>Date:  July 7, 2020<br>Time: 2:00 pm<br>Courtroom:  Courtroom 2, 4th Floor<br><br>Judge:  The Honorable Haywood S. Gilliam, Jr. |

The parties jointly submit this INITIAL CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9:

**1. Jurisdiction and Service**

The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. The parties are citizens of different states (Plaintiff of Florida and Defendant of California), and the amount in controversy exceeds $75,000.  Facebook does not contest service in this case.

**2. Facts**

<u>Plaintiff's Statement</u>: This case is primarily about alleged defamation, not the couched mischaracterizations set forth below by Defendant Facebook, Inc.

<u>Defendant's Statement</u>:  Defendant Facebook, Inc. requires users to comply with the Community Standards published on its platform, including the Dangerous Individuals and Organizations ("DIO") policy.  The DIO policy bars from Facebook organizations or individuals involved in "organized hate," and states that Facebook does not permit "content that praises" or "coordination of support for" any of these "organizations or individuals or any acts committed by them."

Plaintiff Laura Loomer is a self-described "Guerrilla-style" journalist and "conservative Jewish female activist," who is currently running for Congress in Florida.  She frequently makes controversial statements on social media, including, for example:  (1) describing herself with the hashtag "#ProudIslamaphobe" after stating "let me be the first to say I never want another Muslim entering this country EVER AGAIN!" and calling Muslims "savages" on Twitter; (2) calling Islam "a cancer on society" on Instagram; and (3) along with her associates, protesting California Governor Gavin Newsom's immigration policies at the Governor's Mansion in Sacramento, California while wearing sombreros, serapes, and fake moustaches—and streaming the incident on social media.  As a result of these and similar events, Ms. Loomer has been banned from multiple

technology platforms for violating their Terms of Service, including Twitter, PayPal, Lyft, GoFundMe, Venmo, Medium, TeeSpring, Periscope, Uber, and Uber Eats. *See, e.g.*, ECF No. 25-5 at 3-4.

On May 2, 2019, Facebook removed Ms. Loomer's accounts from its platforms, along with the accounts of several other individuals, upon determining that they had violated Facebook's DIO policy. Facebook's decision to remove these accounts was covered by several media outlets, including CNN Business, which quoted a Facebook spokesperson describing the removals as saying: "We've always banned individuals or organizations that promote or engage in violence and hate, regardless of ideology." Several other news outlets also reported examples provided by Facebook of some of the reasons for deactivating the accounts of each individual. For Ms. Loomer, Facebook told news organizations that she had appeared with Gavin McInnes (the leader of the far-right "Western chauvinist" organization called the "Proud Boys"), and expressed support for Faith Goldy (a far-right political activist who has espoused theories of "white genocide")—both of whom were previously banned from Facebook under the DIO policy.

On July 8, 2019, Ms. Loomer filed this lawsuit in the U.S. District Court for the Southern District of Florida, claiming that Facebook defamed her by: (1) designating her as "a dangerous individual" under the DIO policy; and (2) allegedly implying in the CNN Business article that she had promoted or engaged in violence and/or hate. Ms. Loomer seeks $35 million in compensatory damages and more than $3 billion in punitive damages.

**3. Legal Issues**

Plaintiff's Statement: Its constitutes defamation per se, general defamation, and defamation by implication to publish that a person is a domestic terrorist and dangerous, among other false factual statements. This is an exceedingly simple and straightforward case. And, contrary to Defendant Facebook's agument below, defamation is not protected by the First Amendment.

2

Defendant's Statement:  As set forth in Facebook's Motion for Summary Judgment (ECF No. 54), this case involves the following three legal issues:

- Whether Facebook's statements constitute opinion—which is protected by the First Amendment and non-actionable;
- Whether Ms. Loomer can establish that Facebook made these statements with actual malice, as required to sustain a defamation case against a public figure; and
- Whether Facebook's decision to remove Ms. Loomer's accounts—which underlies Ms. Loomer's defamation claims—is protected by the First Amendment as well as Section 230 of the Communications Decency Act.

**4. Motions**

There are two pending motions in this case—Facebook's motion to dismiss under Rule 12(b)(6) (ECF No. 25) and Facebook's motion for summary judgment (ECF No. 54).  The motion to dismiss is fully briefed.  The parties request that the Court set a schedule for the completion of summary judgment briefing, as proposed in Section 17 *infra*.

**5. Amendments to the Pleadings**

Plaintiff's Statement: Plaintiff will be moving to allow discovery, as the prior court foreclosed it.  What is learned in discovery if leave is granted, may give rise to a motion to amend the pleadings.

Defendant's Statement:  The deadline to amend the pleadings under the transferor-Court's Scheduling Order (November 1, 2019) long ago elapsed, and the record is now closed.  *See* ECF No. 21 at 1.  Accordingly, it would be inappropriate to further amend the pleadings at this stage.

**6. Evidence Preservation**

Plaintiff's Statement: Plaintiff will preserve all relevant evidence.

3

JOINT INITIAL CASE MANAGEMENT STATEMENT
Case No. 4:20-cv-03154-HSG

Defendant's Statement:  Facebook complied with its duty to preserve relevant materials in accordance with the applicable rules and case law.  Discovery is now closed.

### 7. Disclosures

The parties exchanged initial disclosures on August 29, 2019, in compliance with Federal Rule of Civil Procedure 26(a)(1).

### 8. Discovery

Plaintiff's Statement: See above statement about discovery, notwithstanding Defendant Facebooks misleading recitation below.

Defendant's Statement:   Discovery has closed and should not be reopened.  Under the transferor-Court's Scheduling Order, the approximate seven-month discovery period closed on February 24, 2020.  Ms. Loomer—who had failed to take any discovery[1]—filed a motion to extend the discovery deadline by 91 days.  *See* ECF No. 39.  On February 28, 2020, the Court denied that motion, finding that "Plaintiff has failed to establish good cause for extending the discovery deadline."  ECF No. 43.  Approximately nine hours after the Court denied her request for an extension of discovery, Ms. Loomer filed a nearly identical complaint against Facebook in Florida state court.  *See Loomer v. Facebook, Inc.*, Case No. 50-2020-CA-002352-XXXX-MB (Fla. 15th Cir. Ct. 2020) ("*Loomer II*").  Facebook removed *Loomer II* to federal court and marked it as related to the original case.  *See Loomer v. Facebook, Inc.*, No. 9:20-cv-80484-RS (S.D. Fla. 2020), ECF Nos. 1, 4.  Ms. Loomer tried to remand *Loomer II* to state court, but then voluntarily dismissed the case.  *See id.*, ECF Nos. 8, 20.

Ms. Loomer has already had the benefit of a full seven-month period in which she was free to conduct discovery.  She failed to do so, and the transferor-Court properly found that she showed

---

[1] Ms. Loomer never served any discovery requests during the discovery period.  Nor did she notice any depositions within the required time frame under the Southern District of Florida's Local Rules.

4

**JOINT INITIAL CASE MANAGEMENT STATEMENT**
**Case No. 4:20-cv-03154-HSG**

no good cause for her delay. Instead, Ms. Loomer attempted to abuse the judicial process to get a second bite at discovery against Facebook by filing a frivolous duplicative lawsuit in Florida state court, which she later dismissed. Ms. Loomer should not be rewarded for these legal tactics, which have already required Facebook to expend unnecessary resources defending against a frivolous second lawsuit. Additionally, Facebook has already filed a motion for summary judgment based on the closed record. For these reasons, discovery should remain closed.

**9. Class Actions**

This case is not a class action.

**10. Related Cases**

There are two cases related to this action:

- *Loomer II* (*Loomer v. Facebook, Inc.*, Case No. 50-2020-CA-002352-XXXX-MB (Fla. 15th Cir. Ct. 2020)), which, as described *supra*, Ms. Loomer voluntarily dismissed after Facebook removed it to federal court. *See Loomer v. Facebook, Inc.*, No. 9:20-cv-80484-RS (S.D. Fla. 2020), ECF No. 20.

- *Freedom Watch, Inc. v. Google, Inc.*, 368 F. Supp. 3d 30, 34 (D.D.C. 2019): In this case, Ms. Loomer and Freedom Watch sued Facebook, Google, Twitter, and Apple, alleging that they conspired to suppress conservative political views. The District Court dismissed the case and the D.C. Circuit affirmed, holding that the plaintiffs failed to state a colorable legal claim. *See Freedom Watch, Inc. v. Google, Inc.*, No. 19-7030 (D.C. Cir. May 27, 2020). This ruling will be subject to an upcoming petition for rehearing en banc.

**11. Relief Sought**

Plaintiff seeks compensatory damages "in excess of $35,000,000"; punitive damages "in an amount to exceed $3 billion"; attorney fees and costs; and "any such further relief as the Court deems appropriate including preliminary and permanent injunctive relief." ECF No. 7 at 10.

Defendant denies that Ms. Loomer is entitled to any relief and seeks dismissal, fees, and costs.

**12. Settlement and ADR**

On March 26, 2020, the parties engaged in a court-ordered mediation conference before Mediator Pamela I. Perry. The case did not settle, and Ms. Perry declared an impasse. *See* ECF No. 53. The parties do not believe that additional mediation or ADR would be beneficial at this time. However, if the Court requires the parties to engage in additional ADR, the parties request a settlement conference with a magistrate judge.

**13. Consent to Magistrate**

Facebook declined magistrate judge jurisdiction for all purposes on May 19, 2020 (ECF No. 63), and this case was assigned to this Court.

**14. Other References**

None.

**15. Narrowing of Issues**

<u>Plaintiff's Statement</u>:  A review of the pleadings will demonstrate that this case is clear and simple and does not require narrowing of the issues. The suit is not without basis as Defendant Facebook arrogantly claims.

<u>Defendant's Statement</u>:  This lawsuit is without any basis, and should be dismissed in its entirety, based on the motions already pending before this Court (ECF Nos. 25, 54).

**16. Expedited Schedule**

The parties agree that this case cannot be handled under the Expedited Trial Procedure of General Order 64, Attachment A.

**17. Scheduling**

Because discovery has closed, the parties propose the following dates for completion of summary judgment briefing, hearing of dispositive motions, pretrial conference, and trial:

DAVIS WRIGHT TREMAINE LLP

| Event | Proposed Deadline |
|---|---|
| Plaintiff's response to Defendant's motion for summary judgment due | August 4, 2020 |
| Defendant's reply in further support of its motion for summary judgment due | August 25, 2020 |
| Deadline for Hearing of Dispositive Motions | September 24, 2020 |
| Pre-Trial Conference | November 20, 2020 |
| Trial | December 7, 2020 |

**18. Trial**

Plaintiff has demanded a jury trial. *See* ECF No. 7 at 10.  Plaintiff estimates that the trial will take 3-5 days.  Defendant contends that this case is inappropriate for trial because there are no disputed issues of fact, and so the case should be disposed of through its pending summary judgment motion.

**19. Disclosure of Non-Party Interested Entities or Persons**

Plaintiff's Statement: Not applicable.

Defendant's Statement:  Facebook has filed its Certification of Interested Entities or Persons per Civil Local Rule 3-15 (ECF No. 62) and restates the following: Other than the named parties in this action, there are no other persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities that have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) any other kind of interest that could be substantially affected by the outcome of this proceeding.

**20. Professional Conduct**

Both parties' counsel have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21. Such Other Matters As May Facilitate Just, Speedy and Inexpensive Resolution**

None.

Dated:  June 30, 2020                                  Respectfully submitted,

By: /s/ Thomas R. Burke

Thomas R. Burke (CA State Bar No. 141930)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, CA 94111
Telephone: (415) 276-6500
Facsimile: (415) 276-6599
Email: thomasburke@dwt.com

Laura Handman (appearing *pro hac vice*)
Alison Schary (appearing *pro hac vice*)
Chelsea T. Kelly (appearing *pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Ave. NW, Suite 800
Washington, DC 20006
Telephone:(202) 973-4200
Facsimile: (202) 973-4499
Email: laurahandman@dwt.com
           alisonschary@dwt.com
           chelseakelly@dwt.com

Ambika Kumar Doran (appearing *pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
920 Fifth Ave., Suite 3300
Seattle, WA 98104
Telephone: (206) 757-8030
Facsimile: (206) 757-7030
Email: ambikadoran@dwt.com

*Attorneys for Defendant Facebook, Inc.*

By: /s/ Larry Elliot Klayman

Larry Klayman
KLAYMAN LAW GROUP, P.A.
7050 W. Palmetto Park Rd.
Boca Raton, FL 33433
Telephone: (310) 595-0800
Email: leklayman@gmail.com

8

JOINT INITIAL CASE MANAGEMENT STATEMENT
Case No. 4:20-cv-03154-HSG

DAVIS WRIGHT TREMAINE LLP

Pro Hac Vice to be Submitted

*Attorney for Plaintiff Laura Loomer*

9

**JOINT INITIAL CASE MANAGEMENT STATEMENT**
**Case No. 4:20-cv-03154-HSG**